UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                      Plaintiff,

DECISION AND ORDER

07-CR-6208L

               v.

ALBERT DONALD,

                                      Defendant.
_____

Defendant Albert Donald ("Donald") stands before the Court charged in a six-count indictment alleging narcotics offenses and a firearm offense. This Court referred all pretrial matters and motions to United States Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. § 636(b).

Donald filed several motions: a motion to dismiss the indictment; a motion challenging the search warrant issued for Donald's residence at 39 Poplar Street in Rochester, New York; a motion to suppress evidence relating to a photographic identification of Donald made by a confidential informant; and a motion to suppress statements made by Donald from evidence seized following his arrest on August 22, 2006.

Magistrate Judge Payson not only reviewed the motions, affidavits and the matters submitted in support of the search warrant, but she conducted several hearings, including a *Franks* and a *Wade*

Hearing concerning the out-of-court identification and the circumstances surrounding Donald's post-arrest statements.

Upon the completion of all those matters, Magistrate Judge Payson issued a thorough, 21-page Report and Recommendation which recommended denial of all of the motions. (Dkt. #58). Donald duly filed objections to the Report and Recommendation, and the Government responded to them. The matter is now before this Court for *de novo* review.

The Court has reviewed all of the papers and pleadings filed on the respective motions, as well as transcripts of all of the hearings which have been prepared for my review. In sum, I see no reason to alter, modify or reject the recommendations made by Magistrate Judge Payson in the Report and Recommendation. I, therefore, accept and adopt the Report and Recommendation and deny all of defendant's motions.

Magistrate Judge Payson's Report and Recommendation sets out in clear, thorough and accurate detail the facts developed at the several hearings. I see no basis to alter or modify or add to the summary of facts.

Several of the motions require little additional comment. I agree with Magistrate Judge Payson that Donald's motion to dismiss the indictment based on alleged improprieties before the Grand Jury is without merit. The motion is based on surmise and speculation and there is no evidence to warrant the relief requested by Donald.

Concerning the motion to suppress photographic identification, I see no basis to suppress because there is no likelihood of misidentification. Although Magistrate Judge Payson noted that there was not any testimony submitted to her relative to the procedural aspects of the identification,

she nonetheless found no basis to suppress. I agree. This was not a case of an identification of an unknown person. It was in essence a confirmatory identification. The confidential informant testified that he knew Donald from the neighborhood. Donald was a known individual. Furthermore, the confidential informant had several face-to-face meetings where he had an extended period of time to observe and converse with Donald. Under these circumstances, where the identification related to an known person, I agree with the Magistrate Judge that there is no likelihood of misidentification and, therefore, no basis to suppress.

I also see no basis to suppress the statements that Donald made after his arrest. The only testimony at the suppression hearing was that the officers gave Donald his full *Miranda* warnings, and that Donald stated he understood those rights and wished to speak to the officers. Donald also signed the waiver form.

No testimony was offered at the hearing to rebut or contradict that testimony. I agree with the Magistrate Judge that there is no basis to suppress these statements which were made while Donald was in custody but after full *Miranda* warnings had been given and defendant had waived his rights.

Donald challenges the affidavit submitted in support of a search warrant issued by Monroe County Court Judge John Connell. He also contends that there was no probable cause to justify the warrant's issuance. Magistrate Judge Payson found to the contrary, and I agree.

Magistrate Judge Payson conducted a so-called *Franks* Hearing under authority of *Franks v. Delaware,* 438 U.S. 154 (1978). Although it does not often happen, in this case the confidential informant testified at the *Franks* Hearing. It was this informant who engaged in several hand-to-

hand transactions with Donald and made the photographic identification. Donald now contends that false statements were made in the affidavit submitted to Judge Connell by the officer involved. There is, however, no evidence that the officer who submitted the affidavit knowingly submitted false information to the issuing judge. The affiant based his information on what the confidential informant had provided to him. Some of that information relating to the narcotics purchases were corroborated by other officers who provided surveillance.

The thrust of Donald's motion appears to be that the confidential informant should not be believed and should now be discredited because of documents he submitted after the fact which, on their face, exculpate Donald.

First of all, neither the fact of those statements or their contents were known to the officer when he submitted the affidavit to Judge Connell for the search warrant. Second, at the hearing the confidential informant freely admitted writing the seemingly-exculpatory letters but claimed he did so only when confronted by Donald in jail as the two awaited trial and further proceedings.

The confidential informant testified, in a fashion that Magistrate Judge Payson found credible, that the only reason that he made the inconsistent statements was because he feared for his safety while incarcerated in the same facility with Donald. At the hearing, the confidential informant repudiated those statements and stood by the evidence and statements that mirrored the information submitted to the officers which formed the basis for the affidavit in support of the search warrant. In sum, there is no credible evidence that the officer who submitted the affidavit in support of the warrant had any reason to doubt the accuracy of the information supplied by the confidential

informant. Matters now discussed relative to the inconsistent statements submitted by the confidential informant occurred long after the application for the search warrant had been made.

I also agree with Magistrate Judge Payson that there was ample probable cause for issuance of the warrant. The affidavit submitted describes several narcotics-related conversations, meetings and sales which supported application to search Donald's residence at 39 Poplar Street. Furthermore, there is no indication that the officers who executed the search warrant did not do so in a good faith belief that the warrant was proper. *See United States v. Leon,* 468 U.S. 897 (1984).

## CONCLUSION

I accept and adopt the Report and Recommendation of United States Magistrate Judge Marian W. Payson (Dkt. #58). Defendant's motion to dismiss the indictment is denied. Defendant's motion to suppress the identification testimony obtained from a display of a photographic array is denied. Defendant's motion to suppress physical evidence obtained pursuant to a search warrant and defendant's motion to suppress statements are all denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
April 7, 2009.