UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                              Plaintiff,

                                                                               DECISION AND ORDER

                                                                                07-CR-6208L

                v.

ALBERT DONALD,

                              Defendant.
_____

## INTRODUCTION

On July 30, 2009, defendant, Albert Donald ("Donald"), was convicted after a jury trial of several narcotics offenses and a firearms offense. Donald was remanded after the verdict and sentencing is now pending. At the conclusion of the evidence, the Court reserved decision on defendant's Rule 29(a) motion for a judgment of acquittal as to Count 2.

After the verdict, Donald filed a motion for judgment of acquittal under Fed. R. Cr. P. 29(c) or in the alternative for a new trial under Rule 33 (Dkt. #95). The Government filed its opposition to the motion (Dkt. #98), as well as an affidavit (Dkt. #104) from Floretta Alston, a trial witness.

There are two grounds for defendant's motion. First, as to his Rule 29 motion, Donald contends that the evidence was insufficient to support the jury's verdict on all counts. Second, pursuant to Rule 33, Donald seeks a new trial on the grounds that one of the Government's witnesses, Floretta Alston, gave false testimony at trial. I deny the motion in both respects.

## DISCUSSION

**I. Motion for Judgment of Acquittal**

I have reviewed Donald's motion papers as well as the Government's response together with my notes from the trial. The Court must view the evidence in the light most favorable to the Government when considering motions for judgment of acquittal. *United States v. Pizzonia*, 577 F.3d 455, 462 (2d Cir. 2009). *See also United States v. Morgan*, 385 F.3d 196, 204 (2d Cir. 2004) ("'It is well settled that a defendant seeking to overturn a conviction based upon insufficiency of the evidence bears a heavy burden'") (quoting *United States v. Martinez*, 54 F.3d 1040, 1042 (2d Cir.) (citation and quotation marks omitted), *cert. denied*, 516 U.S. 1001 (1995)).

In this case, I believe as to all the counts, including Count 2, there was sufficient evidence for the jury to find guilt beyond a reasonable doubt. The challenges now raised by Donald relate to issues of credibility and the weight of the evidence. Such matters are peculiarly within the province of the jury and should not be disturbed by the Court on a Rule 29 motion. *See United States v. Cote*, 544 F.3d 88, 99 (2d Cir. 2008) ("it is well settled that 'Rule 29(c) does not provide the trial court with an opportunity to substitute its own determination of ... the weight of

the evidence and the reasonable inferences to be drawn for that of the jury'") (quoting *United States v. Guadagna*, 183 F.3d 122, 129 (2d Cir. 1999) (internal quotation marks omitted)). Many of the matters discussed by Donald in his pending motion were raised and argued before the jury for its consideration. The fact that the jury rejected those arguments does not warrant entry of a judgment of acquittal.

The evidence in this case was clearly sufficient for the jury to find that Donald engaged in a conspiracy with another to distribute drugs and that he distributed quantities of illegal narcotics on the dates charged in the indictment. The evidence likewise supports the jury's finding that, as charged in the indictment, Donald possessed a firearm in furtherance of a drug trafficking crime. In view of all the evidence, direct and circumstantial, and the inferences that could reasonably be drawn from such evidence, there was more than ample evidence upon which the jury could find guilt beyond a reasonable doubt. Donald's motion for a judgment of acquittal, therefore, is in all respects denied.

**II. Motion for a New Trial**

Donald claims that he is entitled to a new trial because one of the Government's witnesses, Floretta Alston, who happens to be Donald's wife, provided false testimony at the time of trial. Alston was called by the Government at trial and provided testimony about her activities on behalf of Donald relative to the possession and distribution of illegal drugs. Ms. Alston's account in some respects was corroborated by surveillance by law enforcement officers, as well as a videotape of some of the drug meetings.

In support of the motion, Donald has submitted declarations from two individuals, Sekine Anderson and defendant's brother, Farrah Donald. The gist of these declarations is that Floretta Alston made statements, apparently after the jury verdict, indicating that the drugs in question did not belong to the defendant Donald, as she had testified at trial, but to someone else. Alston allegedly also indicated that she had testified against Donald because she was angry at the defendant for his philandering. Dkt. #95-4, #95-5.

Alston, who was and is represented by counsel, has submitted a detailed affidavit (Dkt. #104) denying and refuting each of Anderson's and Farrah Donald's allegations concerning her post-trial statements. Alston denies that these conversations occurred, and she denies that she was even at the place where they allegedly occurred on the dates in question.

Based on the evidence before me, I find no basis to grant a new trial or even to hold a hearing on defendant's motion.

The Second Circuit has cautioned that motions for a new trial are generally not favored. *See*, *e.g.*, *United States v. Wong*, 78 F.3d 73, 79 (2d Cir. 1996). Even where there are allegations of trial perjury by a government witness, such motions "should be granted only with great caution and in the most extraordinary circumstances." *United States v. Stewart,* 433 F.3d 273, 296 (2d Cir. 2006) (quoting *United States v. Sanchez,* 969 F.2d 1409, 1404 (2d Cir. 1992)).

The threshold inquiry in such cases is whether the evidence demonstrates that the witness did in fact commit perjury. *Stewart*, 433 F.3d at 297 (citing *United States v. White*, 972 F.2d 16, 20 (2d Cir. 1992)). If so, then whether to grant a new trial on that basis "depends on the 'materiality of the perjury to the jury's verdict and the extent to which the prosecution was aware

of the perjury." *United States v. Spinelli*, 551 F.3d 159, 166 (2d Cir. 2008) (quoting *United States v. Wallach*, 935 F.2d 445, 456 (2d Cir. 1991)). "Even where courts in this Circuit have clearly identified perjured testimony, they have refused to grant a new trial unless the court could find that the jury 'probably would have acquitted in the absence of the false testimony.'" *United States v. McCourtry*, 562 F.3d 458, 476 (2d Cir. 2009) (quoting *United States v. Sanchez*, 969 F.2d 1409, 1413-15 (2d Cir. 1992)).

In the case at bar, I find that the allegations of perjury are suspect and lack credibility concerning their source and the timing of their presentation. Farrah Donald–who, as stated, is defendant's brother–states in his declaration that he was told by one James Doucette, after the verdict in this case, that Doucette was dating Alston, and that Alston had told Doucette that "[n]one of the stuff," *i.e.*, the drugs and drug paraphernalia in this case, belonged to defendant. Dkt. #95-5 ¶ 3.

Defendant's other witness, Sekine Anderson, alleges in late July or early August 2009, she saw Alston at a hair salon in Rochester, and that she heard Alston tell "another lady in the establishment ..., in sum and substance," that "[i]t wasn't his shit, it was her boyfriend's shit, and that she [Alston] was mad because he was 'fucking with other girls.'" Dkt. #95-4 ¶ 3. Anderson interpreted these statements to refer to defendant.

These allegations hardly make for a compelling assertion of perjury. Given his fraternal relationship to defendant, Farrah Donald's hearsay allegations about his conversation with Doucette deserve little weight. *See United States v. Sasso*, 59 F.3d 341, 350-51 (2d Cir. 1995)

(noting that defendants' new-trial motion based on alleged perjury by government witness was based on hearsay, and finding no abuse of discretion in denial of motion without a hearing).

Anderson's declaration is hardly more worthy of credence. She does not state the nature of her relationship to defendant or Alston, other than to say that she is "familiar with Ms. Alston's temper and anger towards [defendant's] seeing other women," as Anderson once saw Alston "fighting upon a girl ... within a few years" prior to Alston's alleged statements to "another lady" at the hair salon in 2009. Dkt. #95-4 ¶ 5. In addition, Anderson states only that she "understood [Alston's] words to relate to" defendant (whom Anderson knows as "Mickey"). Dkt. #95-4 ¶ 4.[1] Anderson's interpretation of Alston's alleged statements to some unidentified third party is not a sufficient basis upon which it could be concluded that Alston committed perjury.

In addition, it is clear to me that this is not a case where the Government knowingly used perjured testimony. Donald makes no such allegation, and the proof does not support such an inference. The allegations are that, around the end of, or after the trial, Alston made certain statements to third parties, who had no involvement in defendant's trial, that were contrary to Alston's trial testimony. There is no suggestion that Alston ever made such statements to anyone from the Government.

I also see no need to conduct a hearing on defendant's motion. I observed Alston testify and I found her testimony to be credible. She withstood cross-examination, her testimony was

---

[1] Alston states that she does not even know Anderson. Dkt. #104 ¶ 12. Whether she does or not is immaterial to my decision, however, as I find that Anderson's allegations do not give rise to any genuine issue about whether Alston committed perjury at defendant's trial.

corroborated to some degree by other evidence, and there is nothing of a credible nature to warrant granting the extraordinary relief of a new trial. *See United States v. DeFeo*, No. 90 Cr. 250, 1997 WL 3259, at *7 (S.D.N.Y. Jan. 6, 1997) (stating that on a motion for a new trial based on witness recantation, "[t]he Court may rely exclusively upon supporting affidavits and the knowledge gained from presiding over the trial in rendering its decision," and that "[a] trial judge's observation of the witness' original trial testimony further negates any necessity for a hearing") (citations omitted), *aff'd*, 152 F.3d 921 (2d Cir. 1998).

In addition, although I believe Ms. Alston's alleged motive for testifying against her husband was raised at trial, further matters relating to her credibility and her motivation certainly could have been discovered with due diligence before trial. *See White*, 972 F.2d at 20 (motion for new trial "will not be granted unless the 'newly discovered evidence' could not with due diligence have been discovered before or during trial") (quoting *Sanders v. Sullivan*, 868 F.2d 218, 226 (2d Cir. 1988)).

On a motion for a new trial based on newly discovered evidence, the defendant carries a "heavy burden" to show that relief is warranted. *United States v. Garcia-Alvarez*, 541 F.3d 8, 17 (1st Cir. 2008). *Accord United States v. Gigante*, 982 F.Supp. 140, 176 (E.D.N.Y. 1997), *aff'd*, 166 F.3d 75 (2d Cir. 1999), *cert. denied*, 528 U.S. 1114 (2000). In my view, defendant has failed to carry that burden.

**CONCLUSION**

Defendant Albert Donald's motion for judgment of acquittal on all counts, or in the alternative for a new trial (Dkt. #95) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       November 12, 2009.