UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                          Plaintiff,

                                                        DECISION AND ORDER

                                                        07-CR-6208L

              v.

ALBERT DONALD,

                          Defendant.
_____

By letter motion (Dkt. #153), defendant Albert Donald ("Donald") filed a *pro se* motion to vacate based on his interpretation of *Alleyne v. United States,* 133 S. Ct. 2151 (2013). The motion is denied.

The Government responded by filing a motion to dismiss (Dkt. #155) which contains a detailed response setting forth the procedural history in this case. Defendant has filed a reply (Dkt. #156). This defendant was convicted after a jury trial and was sentenced on January 13, 2010 to the mandatory minimum sentence of 240 months imprisonment. An Information concerning his prior conviction (Dkt. #81) was filed prior to trial.

As pointed out in the Government's response, Donald appealed and his conviction was affirmed by the Second Circuit. Thereafter, Donald filed a motion pursuant to 28 U.S.C. § 2255 (Dkt. #129) seeking to vacate the conviction. That motion was denied on April 12, 2013 (Dkt. #147) and the Second Circuit denied the appeal (Dkt. #150).

There are several reasons why the instant motion must be denied. What Donald claims now has been raised previously on appeal and in his § 2255 motion. To the extent he raises the same matters here, this constitutes a successive § 2255 motion and this Court is without jurisdiction to hear it since such must be raised in the first instance before the Second Circuit.

This issue concerning the propriety of use of his prior felony drug conviction to enhance his sentence has been litigated at trial, on appeal and in his collateral attack. There is no basis to revisit the issue now.

Furthermore, as the Government points out in its motion to dismiss, the Supreme Court decision in *Alleyne* did not announce a new rule of law that would be applied retroactively. The Government cites several cases where Federal Courts of Appeal have held that *Alleyne* not be applied retroactively on collateral review. Therefore, the Supreme Court decision in *Alleyne* provides no basis for the relief requested by Donald.

## CONCLUSION

Defendant's motion to vacate (Dkt. #153) is denied and the Government's motion to dismiss (Dkt. #155) is granted.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 4, 2015.