UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                        Plaintiff,

                    v.

ALBERT DONALD,

                                        Defendant.
_____

DECISION AND ORDER

07-CR-6208L


      Defendant Albert Donald ("Donald") was convicted after trial on Count 1, conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base, related to drug distribution charges and a charge at Count 6 of possession of a firearm in furtherance of a drug trafficking crime. The United States Sentencing Guidelines with a Criminal History Category of V, and an Offense Level of 36, established a guideline range of 292-365 months. This was reflected in the original Presentence Report (Dkt. #115).

      In a Judgment entered January 15, 2010 (Dkt. #117), this Court imposed a below-Guideline sentence of 240 months on the narcotics conspiracy count (Count 1), 120 months on Counts 2, 3 and 4, and 60 months on the firearms offense (Count 6), all counts to be served concurrently. The Conviction and Judgment were affirmed on appeal to the United States Court of Appeals for the Second Circuit.

      Donald filed a motion (Dkt. #182), *pro se*, on December 26, 2018 to reduce his sentence pursuant to Section 404 of the First Step Act. Several months later, the Federal Public Defender for

the Western District of New York, filed a supplemental motion (Dkt. #184) on Donald's behalf seeking a reduced sentence.

The Probation Office for the Western District of New York prepared a Supplemental Presentence Report analyzing the First Step Act and calculated an updated sentencing guideline. The Probation Office determined that the imprisonment range on Count 1, the most serious count, was 188-235 months.  On May 24, 2019, this Court granted the motions to reduce the sentence and imposed a term of 188 months, the low end of the new sentencing guideline range.  At the time, both the Government and the Probation Office advised the Court that under the provisions of 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, the Court could not impose a reduced sentence less than the low end of the then-guidelines which was 188 months.  That is the sentence that the Court imposed.

Donald appealed that Order and the Government confessed error before the Second Circuit (Dkt. #204) and agreed with Donald that the matter should be remanded to this Court to again consider Donald's motion for a sentence reduction.  The parties now concede that this Court is not limited to reducing the sentence to the low end of the guideline range.  The statutory minimum sentence, as changed by the First Step Act, is now 120 months, half of what it was previously, 240 months.

Donald, through counsel, has filed a supplemental memorandum (Dkt. #204) before this Court urging the Court to impose a sentence of time served.  It appears that Donald has served 154 months and 21 days as of June 22, 2020.  Thus, Donald has served approximately 13 years, without factoring in any good-time credit.  The Government filed a Response (Dkt. #206) to Donald's Memorandum, urging the Court to deny any further reduction below the 188-month term previously ordered by the Court in its May 24, 2019 Order (Dkt. #191).

Since the defendant was convicted over ten years ago for conduct occurring in 2006, the law concerning sentencing especially for distribution of cocaine base has changed dramatically.  The Guidelines have changed and the statutory minimums have been reduced and by the First Step Act, Courts may now consider whether a reduction of sentence is warranted using the sentencing parameters now in effect.

I have considered all of the facts developed at trial, over which I presided; have reviewed the original Presentence Report (Dkt. #115), as well as the Memoranda submitted after remand from the Second Circuit.  I accept defendant's argument that a sentence of TIME SERVED is now warranted. I believe such a sentence is sufficient and that, under all of the circumstances, a longer sentence would be more than necessary.

As part of the remand agreement, the parties agreed that the firearms offense, Count 6, charging a violation of 18 U.S.C. § 924(c), would remain 60 months concurrent.  At the time this Court imposed the original sentence, such a sentence could be ordered to run concurrently if the defendant faced a different, more serious mandatory minimum.  That rule was later rejected by the United States Supreme Court, but it will not affect this resentencing.

Now Donald's mandatory minimum sentence is 120 months.  This Court's original sentence imposed a mandatory minimum sentences on both the narcotics conspiracy count and the firearms count.  As mentioned above, the Court later did reduce that 240-month sentence to 188-month sentence which Donald is currently serving.

Although Donald's conduct was serious and he was involved in repeat drug distributions, the total amount of actual drugs discovered and distributed was relatively modest as counsel points out in the original motion (Dkt. #184 at p.7).  At the time this Court originally sentenced Donald, I noted that the drugs involved were "relatively small."  I did note Donald had prior narcotics and firearms

convictions, but that the prior drug conviction which increased his Guideline range was 14 years old at the time of sentencing.  I also noted that Donald had never served a sentence greater than one year in prison.

Defendant suggests that I should make a comparable reduction now consistent with the variance in my original sentence.  The Court imposed the 240-month sentence when the Guidelines were significantly higher (292-365).  Certainly at the time, the Court expressed the view that a Guideline sentence was excessive and more than necessary considering the conduct involved.  That mandatory minimum, of course, is no longer applicable.  So I am not convinced that because the Court previously reduced the prior sentence from the extremely high Guideline range that the same percentage reduction need be applied under present circumstances.

As mentioned, the Court has considered many factors and believes based on all of the factors mentioned, that a reduction is warranted and a sentence of time served is sufficient and that a sentence greater than that would be more than necessary to accomplish all the purposes for sentencing set out at 18 U.S.C. § 3553(a).

CONCLUSION

The Court grants defendant's motion (Dkt. #192) as supplemented (Dkt. #184) pursuant to 18 U.S.C. § 3582.  The Court reduces Donald's sentence on Count 1 to TIME SERVED; Counts 2, 3 and 4 to a term of 120 months, and Count 6 to a term of 60 months, all sentences to run concurrently.  Furthermore, the Court imposes a term of supervised release on Counts 1 to 8 years; Counts 2, 3 and 4 to 6 years, and on Count 6 to 5 years to run concurrently.  All standard conditions and special conditions originally imposed in the original Judgment (Dkt. #117) remain in full force and effect.

4

I direct the Probation Office for the Western District of New York to promptly prepare an Amended Judgment reflecting the terms of this Decision and Order, and to take prompt steps to notify the Bureau of Prisons of this Court's Decision which should effect the defendant's prompt release.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
June 24, 2020

5